Robert B. Jobe (Cal. State Bar #133089)
Shoshana O'Keefe (Cal. State Bar #246203)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorneys for Petitioner,
Ifran Ali

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IFRAN ALI, | No.   C 07-4700 MMC |
| Petitioner, | |
| v. | APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE AND [PROPOSED] ORDER |
| ANTHONY M. AIELLO, ET AL., | |
| Respondents. | |

Petitioner, Ifran Ali, hereby requests the Court to grant his Petition for Writ of Habeas Corpus or, alternatively, to issue an order directing Respondents to show cause why his petition should not be granted. This request is based on the following grounds:

1.  28 U.S.C. § 2243 requires that "[a] court, justice, or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the application or person detained is not entitled thereto."

2.  On September 12, 2007, Mr. Ali filed a Petition for Writ of Habeas Corpus, in which he alleged that he was being unlawfully detained pursuant to 8 U.S.C. § 1226(c)(1)(B) and *In re Joseph*, 22 I & N Dec. 799 (BIA 1999). In *Joseph*, the Board of Immigration Appeals ("the BIA") concluded that Immigration and Customs Enforcement's ("ICE") allegation that an alien "is deportable" for reasons that would justify mandatory detention is entitled to great deference and that ***"the Immigration Judge must have very substantial grounds to override [ICE's]***

*decision to charge the alien with a ground that subjects the alien to [mandatory] detention."* 22 I & N Dec. at 800 (emphasis added). "Thus," according to the BIA, "a lawful permanent resident will not be properly included in a mandatory detention category *only* when an Immigration Judge is convinced that [ICE] is substantially unlikely to establish . . . the charge or charges that subject the alien to mandatory detention." *Id.* (emphasis added).

3. Citing Judge Tashima's concurring opinion in *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), Mr. Ali contends "that individual liberty is one of the most fundamental rights protected by the Constitution" and that the *Joseph* decision "gives that right little or no weight." *Tijani*, 430 F.3d at 1244 (Tashima, J., concurring). "Instead, [the *Joseph* decision] establishes a system of 'detention by default' by placing the burden fully on the alien to prove that he should not be detained." *Id.* "When such a fundamental right is at stake, the Supreme Court has "insisted on heightened procedural protections to guard against the erroneous deprivation of that right." *Id.* "In particular, the Supreme Court has time and again rejected laws that place on the individual the burden of protecting his or her fundamental rights." *Id.* "In light of [these precedents]," Judge Tashima has opined, "the *Joseph* standard is not just unconstitutional, it is egregiously so" because it "not only places the burden on the [alien] to prove that he should not be physically detained, it makes that burden all but insurmountable." 430 F.3d at 1246 (Tashima, J., concurring).

4. To avoid these serious constitutional concerns, Mr. Ali argues that 8 U.S.C. § 1226(c)(1)(B) must be construed as applying only to those aliens who have no substantial arguments that they are not deportable on grounds that would trigger mandatory detention. In this case, the government contends that Mr. Ali is subject to mandatory detention, as an alien who "is deportable" under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii). In doing so, the government relies on Mr. Ali's misdemeanor conviction for false personation under Cal. Penal Code § 529(3).

5. Mr. Ali contends that his argument against his deportability under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), is not only substantial, but compelling. As detailed in Mr. Ali's petition, the *sine qua non* of a fraud offense is "[a] knowing

misrepresentation of the truth or concealment of a material fact *to induce another to act to his or her detriment*." Black's Law Dictionary (8th ed. 2004) at 685 (emphasis added). Cal. Penal Code § 529(3), however, does not require any specific intent to cause another person "to become liable to any suit or prosecution or to pay any sum of money, or specifically intend to benefit defendant himself or another person." *People v. Rathert*, 24 Cal.4th 200, 205 (2000). Rather, "the Legislature sought to deter and to punish all acts by an impersonator that might result in a liability or a benefit, whether or not such a consequence was intended or even foreseen." *Id.* at 206. Moreover, the statute does not require commission of an act that will *likely* trigger a disability or benefit. To the contrary, "[t]he impersonator's act . . . is criminal provided it *might* result in any such consequence; no higher degree of probability is required." *Id.* (Emphasis added). In light of the California Supreme Court's definitive interpretation of Cal. Penal Code § 529(3) and the Ninth Circuit's admonition that a categorical approach must be employed in determining whether a crime offense qualifies as a crime involving moral turpitude, Mr. Ali has set forth a substantial claim that he is not deportable under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii).

      6.      For the reasons set forth in Mr. Ali's petition, the Court should immediately order Respondents to show cause why the Writ should not be granted, within the next ten (10) days. 28 U.S.C. § 2243.

Date: September 14, 2007      Respectfully submitted,

LAW OFFICE OF ROBERT B. JOBE

/s/ Robert B. Jobe
_____
Robert B. Jobe
Counsel for Petitioner

Robert B. Jobe (Cal. State Bar #133089)
Shoshana O'Keefe (Cal. State Bar #246203)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513 (phone)
(415) 840-0308 (fax)

Attorneys for Petitioner,
Ifran Ali

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IFRAN ALI, ) | No.   C 07-4700 MMC |
| Petitioner, ) | |
| v. ) | |
| ANTHONY M. AIELLO, ET AL., ) | [PROPOSED] ORDER TO SHOW CAUSE |
| Respondents. ) | |

Based upon the Application for Issuance of Order to Show Cause, IT IS HEREBY ORDERED that Respondents show cause within the next ten (10) days as to why Petitioner's Writ should not be granted.

Dated this_____day of_____, 2007.

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

[Proposed] Order to Show Cause
C 07-4700 MMC