

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IFRAN ALI,

    Petitioner,

v.

ANTHONY M. AIELLO, et al.,

    Respondents
                                   /

No. C 07-4700 MMC

**ORDER DIRECTING RESPONDENTS TO RESPOND TO PETITION; SETTING BRIEFING SCHEDULE**

      Before the Court is Ifran Ali's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed September 12, 2007.

### BACKGROUND

      The following facts are taken from the petition, and are assumed true.

      Petitioner is a citizen of Fiji, who is currently being held as a detainee in the custody of Immigration and Customs Enforcement agency ("ICE"). ICE alleges petitioner is removable because petitioner is an "alien who was admitted as a non-immigrant and remained longer than permitted." (See Petition at 6:19-21.)

      In 2000, petitioner pleaded nolo contendre to a "felony violation of Cal. Penal Code § 487(a)/508, Grand Theft by Embezzlement." (See Petition at 7:14-15.) In 2006, petitioner pleaded guilty to "misdemeanor false personation in violation of Cal. Penal Code § 529(3)." (See id. at 7:18-19.) An Immigration Judge ("IJ") has held that both of the above-

referenced convictions were for crimes involving moral turpitude, and, consequently, that petitioner is subject to mandatory detention. In so ruling, the IJ rejected petitioner's argument that his conviction for violation of § 529(3) was not a conviction for a crime involving moral turpitude; the IJ found said crime "categorically involves moral turpitude." (See Petition at 19:19-22.)

## DISCUSSION

A district court may entertain a petition for a writ of habeas corpus where the petitioner alleges he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Here, petitioner alleges the process, by which the IJ determined whether petitioner had been convicted of two crimes involving moral turpitude, was constitutionally deficient and, moreover, that the IJ's decision was substantively erroneous because § 529(3) is not categorically a crime involving moral turpitude.

Petitioner's claims are not vague, conclusory, palpably incredible, or patently frivolous or false. Accordingly, summary dismissal of the petition is not proper and respondents will be directed to respond to the petition.

//
//
//
//
//
//

**CONCLUSION**

For the reasons stated:

1. The Clerk of the Court shall serve by certified mail a copy of this order upon respondents and respondents' attorney, the United States Attorney.[1]

2. Respondents shall file, within 21 days of the date of the service of this order, a response to the petition, showing cause why a writ of habeas corpus should not issue on the basis of petitioner's claims; respondents shall file therewith a copy of all portions of the administrative record relevant to a determination of the issues presented by the petition.[2]

3. Petitioner may file a reply within 14 days of the filing of respondents' answer.

4. As of the date by which the traverse is due, the Court, unless the parties are otherwise informed, will take the matter under submission.

**IT IS SO ORDERED.**

Dated: September 19, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] The Court ordinarily would direct the Clerk to serve the petition on respondents and their attorney. Petitioner, however, has filed proof of service of the petition on respondents and their attorney. (See Certificate of Service, filed September 17, 2007.)

[2] Respondents may, but need not, file copies of relevant documents in the administrative record that are attached to the petition.

3