# EXHIBIT C

U.S. Department of Justice

Immigration and Naturalization Service

630 Sansome Street
San Francisco, CA. 94111

Ifran Istifaq Ali
2364 Oakwood Drive
E. Palo Alto, CA 94303

A70 149 531 (E-11/Pending)
March 20, 2000

AUG 1 8 2000

THIS LETTER IS IN REFERENCE TO YOUR APPLICATION FOR PERMANENT RESIDENCE. IT IS REQUESTED THAT YOU SUBMIT THE FOLLOWING DOCUMENTS:

This refers to your application for permanent residence. The FBI report indicates that you were arrested on February 4, 2000 in the county of San Mateo. You must submit the final COURT disposition of that arrest and the police report of that arrest. Please submit the documents to the address below.

YOU ARE ADVISED THAT YOU ARE GRANTED A PERIOD OF NINETY (90) DAYS FROM THE DATE OF THIS LETTER TO SUBMIT THE REQUESTED DOCUMENTS.

FAILURE TO COMPLY WITH THIS REQUEST WILL BE DEEMED GROUNDS FOR **DENIAL** OF YOUR APPLICATION FOR LACK OF PROSECUTION.

PLEASE SEND REQUESTED DOCUMENTS TO:

U.S. Immigration & Naturalization Service
630 Sansome Street, Room 242A
San Francisco, CA 94111

ATTN: E-11 A70 149 531 Pending

Sincerely,

Charles H. DeMore
District Director

cc: Hillary A. Han
466 Pine St. #3rd floor
SF, CA 94104

# EXHIBIT D

**U. S. Department of Justice**

Immigration and Naturalization Service

**Decision on Application for Status as Permanent Resident**

630 Sansome Street
San Francisco, CA 941112280

Refer to this file number:

File: A70 149 531 (E-11/L)
Date: APR 2 2001

To  Ifran Istifaq Ali
    2364 Oakwood Drive
    E. Palo Alto, CA  94303

Upon consideration, it is ordered that your application for status as a lawful permanent resident be denied for the following reasons:

SEE ATTACHMENT

If you fail to depart from the United States, proceedings will be instituted to enforce your departure. You may renew your application for status as a permanent resident during such proceedings.

_____
(Signature of Authorized Official)

cc:

Charles H. DeMore
District Director
(Title of Authorized Official)

INS:DIADN:RCATALDO:844-5612:RC:03152001

Form I-291(Rev.4/1/97)N

Ali, Ifran Istifaq A70 149 531
Page 2

On September 16, 1998, you filed for the benefits of Section 245 of the Immigration and Nationality Act, as amended, to adjust to the status of a lawful permanent resident.

You were required on August 18, 2000, to submit to this office documents relating to your application. The documents concern your admissibility to the United States. You were required to submit the final disposition of your arrests from the Court. These are initial requirements in order to prove that you are not inadmissible under the clauses of section 212(a)(2) of the Act.

Pursuant to 8 CFR 103.2(b)(8), you were given twelve (12) weeks to submit the requested evidence. The record shows that our request for evidence was mailed to you on August 18, 2000. You have failed to submit the required documents. Extensions of time may not be granted pursuant to 8 CFR, 103.2(b)(8).

Pursuant to Title 8, Code of Federal Regulation, Part 103.2(b)(13), the application shall be considered abandoned and is denied.

In view of the above, it is concluded that you are not admissible to the United States. The application is hereby denied for the above reason and for abandonment.

You should depart the United States immediately. If you do not depart immediately, you may be placed into removal proceedings.

You may be eligible to receive a grant of voluntary departure. If you wish to request voluntary departure, you must bring this notice with your request for voluntary departure to this office.

A request for voluntary departure must be made in writing and must be accompanied by your original passport or other travel documentation sufficient to assure your lawful entry into the country to which you intend to depart. If that request is approved, you must also agree to all terms and conditions of the voluntary departure. If you fail to meet the terms and conditions set forth, you will become subject to a civil penalty of not less than $1000 and not more than $5000. Failure to meet the terms and conditions will also result in your being ineligible for any further relief from removal from the United States.

In addition, the Service intends to revoke the employment authorization granted to you in conjunction with your application for lawful permanent residence. You are hereby granted 18 days from the date of this notice to provide countervailing evidence as to why your employment authorization should not be revoked. If no response is received, or if you are placed in removal proceedings, or you are granted voluntary departure, the employment authorization previously granted to you is automatically revoked.

ATTACHMENT TO FORM I-291

# EXHIBIT E



**U.S. Department of Justice**

Immigration and Naturalization Service
San Francisco Asylum Office
PO Box 77530
San Francisco, CA 94107

---

Date: DEC 0 2 2003

A70 149 531

Ifran Istifaq Ali
1203 Garden Street
East Palo Alto, CA 94303

**Referral Notice**

Dear Mr. Ali:

This letter refers to the Request for Asylum in the United States (Form I-589).

Applicants for asylum must credibly establish that they have suffered past persecution or have a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, and that they merit a grant of asylum in the exercise of discretion.

For the reason(s) indicated below, the Immigration and Naturalization Service has not granted your claim for asylum:

[X]  You have not established that you are a refugee because:

    A.    Past Persecution

        [ ]    You did not describe any instances of suffering harm in the past.

        [X]    You have not established that any harm you experienced in the past, considering incidents both individually and cumulatively, amounts to persecution.

        [ ]    You have not established that any harm you experienced in the past is on account of one of the protected characteristics in the refugee definition (race, religion, nationality, membership in a particular social group, or political opinion).

**AND**

B. Future Persecution

[ ]  You have not expressed a fear of future persecution.

[X]  You have not established that there is a reasonable possibility you would suffer persecution in the future.

[ ]  You have not established that any future harm you fear is on account of one of the protected characteristics in the refugee definition (race, religion, nationality, membership in a particular social group, or political opinion).

[ ]  You have not established that the threat of persecution you fear exists throughout your country (or, if stateless, country of last habitual residence) or that it would be unreasonable for you to relocate within that country to avoid future persecution.

[ ]  You have not established that your fear of future persecution is well-founded, because you have not shown that your government is unable or unwilling to protect you from the harm you fear.

Based on the above reasons(s), your case has been referred to an immigration judge. **This is not a denial of your asylum application**. You may request asylum again before an immigration judge and your request will be considered (without additional refiling) when you appear before an immigration judge at the date and time listed on the attached charging document. The determinations that we have made in referring your application are not binding on the immigration judge, who will evaluate your claim anew. This referral includes the dependents included in your asylum application, who are listed on the first page of this notice.

If your asylum application was filed on or after January 4, 1995, the following information applies to you. This referral has no effect on when you may apply for employment authorization (unless you failed without good cause to appear for your asylum interview or provide a competent interpreter). If an immigration judge does not deny your asylum application within 150 days of the date your asylum application was first accepted by the INS (not including any delays in processing you may have sought or caused), then you will be eligible to submit a Form I-765 request for employment authorization with the INS. The earliest possible date you are eligible to apply for employment authorization is Not Applicable. If an immigration judge grants your asylum application, then you are automatically eligible for employment authorization and may apply immediately. If you fail without good cause to appear for the scheduled hearing before the immigration judge, you may not be granted employment authorization.

Sincerely,


(for)
Emilia Bardini,
Director, San Francisco Asylum Office

cc: Joanne Lin

# EXHIBIT F

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

File No: A70 149 531

In the Matter of:

Respondent: ALI, IFRAN    currently residing at:

1203 GARDEN STREET EAST PALO ALTO, CA 94303-0000    000-000-0000
(Number, street, city, state and ZIP code)    (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1) You are not a citizen or national of the United States.

2) You are a native of FIJI and a citizen of FIJI;

3) You were admitted to the United States at SAN FRANCISCO, CA on or about March 4, 1989 as a nonimmigrant visitor for pleasure with authorization to remain in the United States for a temporary period not to exceed September 4, 1989 ;

4) You remained in the United States beyond September 4, 1989 without authorization from the Immigration and Naturalization Service.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237 (a) (1) (B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a) (15) of the Act, you have remained in the United States for a time longer than permitted.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

**YOU ARE ORDERED** to appear before an immigration judge of the United States Department of Justice at:

550 KEARNY STREET, SUITE #800, SAN FRANCISCO, CA 94108-0000
(Complete Address of Immigration Court, including Room Number, if any)

on FEB 1 2 2004 at 1:30 PM to show why you should not be removed from the United States based on
    (Date)            (Time)
the charge(s) set forth above.

_____
(Signature and Title of Issuing Officer)

Date: 2 4 NOV 2003    SAN FRANCISCO, CA
                      (City and State)

See reverse for important information

Form I-862(Rev. 3/22/99)N

### Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____

Date: _____

_____
(Signature and Title of INS Officer)

### Certificate of Service

This Notice To Appear was served on the respondent by me on __DEC 0 2 2003__, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[✓] in person    [ ] by certified mail, return receipt requested    [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

Anna Teofilo
_____ Rep, ZSF

_____    _____
(Signature of Respondent if Personally Served)    (Signature and Title of Officer)

Form I-862(Rev. 3/22/99)N