# EXHIBIT J



# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## SAN FRANCISCO, CALIFORNIA

| | |
|---|---|
| In Re | Date: July 23, 2007 |
| Ifran Ali | File Number: A 70 149 531 |
| Respondent. | In Bond Proceedings |

## MEMORANDUM AND ORDER

The respondent is a native and citizen of Fiji. He is seeking to adjust his status based on a petition filed by his U.S. citizen wife. He was convicted in 2000 for grand theft, which is clearly a crime of moral turpitude as it is a theft offense. He has also been convicted for false personation in violation of Cal. Penal Code §529.3. That section makes it a crime to falsely personate another and do an act which might subject the other to a liability or gain a benefit for the impersonator.

The BIA has held that crimes involving fraud are generally to be considered crimes of moral turpitude. *Matter of Adetiba*, 20 I&N Dec. 506, 507-08 (BIA 1992). The Supreme Court of California has held that Penal Code section 529.3 requires proof of a deliberate effort to pass oneself off as another person. "One does not violate paragraph 3 by happening to resemble another person. Rather, one must intentionally engage in a deception that may fairly be described as noninnocent behavior, even if, in some instances, it might not stem from an evil motive." *People v. Rathert*, 24 Cal. 4th 200, 208-09 (Cal. 2000). The Board did not hold in *Matter of S*, 2 I&N Dec. 353 (BIA 1945) that no false statement other than one which constitutes perjury is free of moral turpitude. Rather, the Board held that a conviction under a statute which made false statements a crime regardless of the defendant's mental state did not meet he requirements of moral turpitude. As noted above, the statute at issue here requires proof of an intent to defraud and deceive.

Because section 529.3 requires proof of a deliberate effort to defraud, the court finds that it is a crime of moral turpitude. Respondent therefore stands convicted of two crimes of moral turpitude and is subject to mandatory detention. INA §236(c)(1)(B). The motion for bond redetermination is accordingly **DENIED**.

_____
Anthony S. Murry
Immigration Judge

Serve: Judith Lott, Esq.
      Cara Cutler, Esq.


Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

OMB# 1125-0002

**Notice of Appeal from a Decision of an Immigration Judge**

1. List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

   ALI, Ifran
   A70-149-531

   *Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.*

   **For Official Use Only**

   ⚠ WARNING: Names and "A" Numbers of everyone appealing the Immigration Judge's decision must be written in this area.

2. I am   ☑ the Respondent/Applicant   ☐ DHS-ICE   *(Mark only one box.)*

3. I am   ☑ DETAINED   ☐ NOT DETAINED   *(Mark only one box.)*

4. My last hearing was at   EOIR, San Francisco, California   *(Location, City, State)*

5. **What decision are you appealing?**

   *Mark only one box below.* If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).

   ☐ I am filing an appeal from the Immigration Judge's decision *in merits proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated _____.

   ☑ I am filing an appeal from the Immigration Judge's decision *in bond proceedings* dated
   July 23, 2007_____. (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court?   ☐ Yes.   ☐ No.)

   ☐ I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated _____.

   (Please attach a copy of the Immigration Judge's decision that you are appealing.)

Form EOIR-26
Revised Dec. 2005