

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Jobe, Robert B., Esq.
550 Kearny Street, Suite 200
San Francisco, CA 94108

Office of the District Counsel/SFR
P.O. Box 26449
San Francisco, CA 94126-6449

Name: ALI, IFRAN

A70-149-531

Date of this notice: 10/24/2007

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
    Guendelsberger, John
    PAULEY, ROGER
    Schoppert, Douglas B.



U.S. Department of Justice			Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

---

File:   A70 149 531 - San Francisco, CA			Date:   OCT 2 4 2007

In re: IFRAN ALI

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Robert B. Jobe, Esquire

APPLICATION:  Change in custody status

ORDER:

   PER CURIAM. The respondent has appealed from the Immigration Judge's July 23, 2007, bond order denying the respondent's request for a change in custody status. The Immigration Judge found that he lacked jurisdiction to consider the respondent's request for a change in custody status, inasmuch as the respondent was subject to the mandatory detention provisions under section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c). On appeal, the respondent argues that the Immigration Judge erred in finding that his convictions for Grand Theft and False Personation constitute crimes involving moral turpitude and subject him to mandatory detention. The respondent's appeal will be sustained and the record remanded to the Immigration Judge for further proceedings.

   The Act prescribes mandatory detention for certain aliens, including those who, like the respondent, have been charged with removability for commission of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. See 8 U.S.C. § 1226(c)(1)(B). The regulations generally do not confer jurisdiction on an Immigration Judge over custody or bond determinations governing those aliens who are subject to mandatory detention. See 8 C.F.R. § 1003.19(h)(2)(i)(D). However, an alien may seek a determination by an Immigration Judge that the alien is "not properly included within" certain of the regulatory provisions which would deprive the Immigration Judge of bond jurisdiction, including the mandatory detention provisions at issue in this matter. See 8 C.F.R. § 1003.19(h)(2)(ii); *Matter of Joseph*, 22 I&N Dec. 799, 802 (BIA 1999). An alien will not be considered "properly included" within a mandatory detention category only when an Immigration Judge is convinced that the DHS is substantially unlikely to establish, at the merits hearing, the charge or charges that subject the alien to mandatory detention. See *Id.*

   On appeal, the respondent specifically challenges the Immigration Judge's finding that his conviction for False Personation in violation of California Penal Code § 529(3) constitutes a crime involving moral turpitude. The statute under which the respondent was convicted provides that "[e]very person who falsely personates another in either his private or official capacity, and in such assumed character...does any...act whereby, if done by the person falsely personated, he might, in any

A70 149 531

event, become liable to any suit or prosecution or to pay any sum of money, or to incur any charge, forfeiture, or penalty, or whereby any benefit might accrue to the party personating, or to any other person is punishable."

Based upon our review of the evidence in the record of proceedings, we are convinced that it is substantially unlikely that the DHS will establish that the respondent was convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. The United States Court of Appeals for the Ninth Circuit, the jurisdiction in which this cases arises, has held that a crime involving moral turpitude must be a crime that (1) is vile, base, or depraved and (2) violates societal moral standards. *See Navarro-Lopez v. Gonzales*, — F.3d —, 2007 WL 2713211 (9th Cir. September 19, 2007) (holding that a conviction for accessory after the fact under California Penal Code section 32 does not constitute a crime involving moral turpitude). Although the statute criminalizing false personation requires that one intentionally engage in deception, the California state courts have found that one need not have an evil motive in order to be convicted under California Penal Code § 529(3). *See People v. Rathert*, 24 Cal. 4th 200, 209 (Cal. 2000) (providing that in order to be convicted under California Penal Code § 529(3), "one must intentionally engage in a deception that may fairly be described as noninnocent behavior, even if, in some instances, it might not stem from an evil motive"). Inasmuch as the statute does not necessarily require an evil motive, we are not convinced that the Ninth Circuit would classify a violation of California Penal Code § 529(3) as a crime that is "vile, base, or depraved," such that it would constitute a crime involving moral turpitude. Consequently, we find that the respondent has established that he is not properly included in the classes of alien's subject to mandatory detention under section 236(c) of the Act.

Inasmuch as the respondent is not subject to mandatory detention under section 236(c) of the Act, we find it appropriate to remand the record to the Immigration Judge to determine whether the respondent is a danger to the community or a risk of flight pursuant to section 236(a) of the Act. *See Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999). Accordingly, the respondent's appeal is sustained and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision.

FOR THE BOARD

2